UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARQUEL L. JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case Nos. 22-CV-1526-JPS<br>18-CR-182-2-JPS<br><br>ORDER |

On December 19, 2022, Marquel L. Johnson ("Johnson") filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. Johnson also filed a motion for leave to proceed without prepayment of the filing fee. ECF No. 2. The Court will deny the motion for leave to proceed without prepayment of the filing fee, ECF No. 2, as moot. For a Section 2255 proceeding, a petitioner is not required to submit the filing fee because such a petition is not viewed as an independent action, but rather a "continuation of the criminal case whose judgment is under attack." *See* 28 U.S.C. § 2255, Rules Governing § 2255 Proceedings, Rule 3 Advisory Committee Notes.

On February 2, 2023, the Government filed a response to the motion, asserting that the motion should indeed be granted in part, as it pertains to Count Fifteen, and set for a full resentencing on all counts of conviction. ECF No. 4. In light of *Taylor v. United States*, 142 S. Ct. 2015 (2022) (the "*Taylor* Decision"), which holds that attempted Hobbs Act robbery does not qualify as a predicate "crime of violence" under 18 U.S.C. § 924(c), as well as the Government's concurrence that the motion should be granted in part, the Court will grant in part Johnson's motion. Specifically, the motion will

be granted to the extent that it is grounded on Johnson's conviction under Section 924(c) being predicated on attempted Hobbs Act robbery (i.e., to the extent that it relates to her conviction on Count Fifteen). Count Fifteen of Johnson's judgment will be vacated, and the Court will set the matter for a full resentencing on all counts of conviction.

1. **BACKGROUND**

On September 18, 2018, the grand jury returned a fifteen-count indictment against Johnson and her two co-defendants. Case No. 18-CR-182-2, ECF No. 16.[1] On August 28, 2019, the Court adopted Magistrate Judge Nancy Joseph's recommendation that Johnson's guilty plea as to Counts Two, Four, Six, and Ten through Fifteen be accepted. CR ECF No. 59. On October 31, 2019, Johnson was sentenced to a total term of imprisonment of 336 months. CR ECF No. 75 at 3. On November 8, 2019, Johnson filed a notice of appeal, which appeal was dismissed on May 28, 2020. CR ECF Nos. 77, 124.

On November 4, 2022, Johnson filed a motion for compassionate release in her criminal case, along with several supplements. CR ECF Nos. 134, 136, 137, 140. The Government filed a response on December 14, 2022, CR ECF No. 145[2]; to date, Johnson has not filed a reply brief.

In her present Section 2255 motion, Johnson raises two grounds for relief. First, she asserts that attempted Hobbs Act robbery is no longer a predicate "crime of violence" under Section 924(c) in light of the *Taylor* Decision ("Ground One"). ECF No. 1 at 6. Second, she asks the court to "look[] deep into [her] case" because "the facts are not accurate" ("Ground

---

[1]Items on the docket in Case No. 18-CR-182-2 are hereafter cited to as "CR."

[2]The Court will grant the Government's motion to seal its response. CR ECF No. 144.

Two"). *Id.* at 8. Johnson proceeds to detail several examples of alleged factual inaccuracy. *Id.*

**2.    SCREENING**

The Court must now screen Johnson's Section 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true a petitioner's well-pleaded factual allegations but not any legal conclusions. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the Government to respond to the Section 2255 motion.

**2.1    Timeliness**

The Court begins by addressing the timeliness of Johnson's motion. Section 2255(f) provides a one-year period in which to file a motion. 28 U.S.C. § 2255(f). That period typically runs from the date on which the judgment of conviction becomes final. *Id.* "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th

Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The time for filing a certiorari petition expires "90 days after entry of the judgment" of the United States Court of Appeals. Sup. Ct. R. 13.1. Thus, in this case, the judgment of conviction became final on August 26, 2020. Johnson thus had one year from that date, or until August 26, 2021, to file a Section 2255 motion. Johnson did not timely file her motion.

Alternatively, however, if the date on which a federal constitutional or statutory right is newly recognized and made retroactively applicable by the Supreme Court falls after the otherwise applicable date, it is that later date from which the one-year limitations period begins to run. BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9A:1, 811 (2019 ed.); *see also* 28 U.S.C. § 2255(f)(3) ("The limitation period shall from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

As applied to Ground One only, Johnson filed her Section 2255 motion within a year of the *Taylor* Decision. The critical question is therefore whether that decision applies retroactively. The *Taylor* Decision does not explicitly so state; however, multiple courts have generally held that it does. *See, e.g.*, *Pedro v. United States*, No. 22-CV-9387 (SHS); 03-CR-0346-1 (SHS), 2022 U.S. Dist. LEXIS 216175, at *3 (S.D.N.Y. Nov. 30, 2022) ("While neither the Supreme Court nor the Second Circuit has yet addressed the issue of whether *Taylor* can be applied retroactively on collateral review, some district courts have suggested that it can be."); *United States v. Craig*, No. 1:14cr/MW/HTC; 1:22cv66/MW/HTC, 2022 U.S. Dist. LEXIS 193030, at *4 n.4 (N.D. Fla. Sept. 26, 2022), *report and recommendation adopted,* 2022 U.S. Dist. LEXIS 192802 (N.D. Fla. Oct. 24, 2022) ("*Taylor* would be retroactively

applicable to a challenge to a[] . . . § 924(c) sentence, because in that context the case would be a new substantive rule under *Teague*.").

In conceding that Johnson should be resentenced, ECF No. 4, the Government does not discuss retroactivity, or lack thereof, of the *Taylor* Decision. The Court will take that lack of discussion as an implied concession as to the retroactivity of the *Taylor* Decision.

Ground Two, however, is untimely. And unlike Ground One—Johnson's claim that Hobbs Act robbery is no longer a predicate "crime of violence" under Section 924(c)—there is no newly recognized and retroactively applicable Supreme Court decision to salvage the untimeliness.

The other plausible statutory basis to excuse Johnson's untimeliness as to Ground Two is that the one-year limitation period may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). All of the proffered inaccurate facts that Johnson lists involve facts that occurred at the time of the conduct for which she was convicted, and which are listed in the presentence report. For example, Johnson explains her view of the surveillance footage of the robberies, explains that the gun was not registered to her, and says she had just come out of surgery when detectives took her statement. *Compare* ECF No. 1 at 8, *with* CR ECF No. 72. These facts could have been—and were—all discovered at least as of the time the judgment of conviction became final.

In the same vein, Johnson presents no new facts, or arguments supporting prevention of her ability to timely file, that could allow her to make a non-statutory equitable argument in support of tolling. *See Lund v.*

Page 5 of 11
Case 2:22-cv-01526-JPS   Filed 03/30/23   Page 5 of 11   Document 5

*United States*, No. 08-CR-197-15-JPS, 2016 WL 3034322, at *5–*6 (E.D. Wis. May 27, 2016). Therefore, Ground Two is denied and will be dismissed.

### 2.2 Procedural Default

The Court next determines whether Johnson's remaining Ground One—that attempted Hobbs Act robbery is no longer a predicate "crime of violence" under Section 924(c)—suffers from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that a petitioner did not raise at trial or on direct appeal are typically procedurally defaulted, and she cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are several exceptions to this rule. As applicable here, actual innocence may excuse procedural default. *See McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013). In *Schlup v. Delo*, the United States Supreme Court held that a habeas petitioner may raise a claim of actual innocence to avoid a procedural bar to the consideration of the merits of her constitutional claims via the "miscarriage of justice" prong of the standard for excusing procedural default. 513 U.S. 2998, 312–28 (1995) (superseded by statute on other grounds). To raise such a claim, a habeas petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). In turn, to establish the requisite probability, a habeas petitioner

must establish that "it is more likely than not that no reasonable juror would have convicted [her] in the light of the new evidence." *Id*.

In light of the *Taylor* Decision, Johnson is actually innocent of the Section 924(c) offense as predicated on the attempted Hobbs Act robbery offense because "[f]or a defendant to be adjudicated of a § 924(c) offense, a jury must find: '(1) that the defendant committed the underlying federal offenses, (2) that the defendant used, carried, or possessed a firearm, (3) that any use, carriage, or possession of the firearm occurred during and in relation to (or in furtherance of) the federal offense, and (4) that the federal offense was in fact *a 'crime of violence.'*" *Hartsfield*, 2022 U.S. Dist. LEXIS 168909, at *20–21 (cleaned up) (emphasis added) (internal citation omitted). In light of the *Taylor* Decision, "a jury empaneled today could not find, as a factual matter," that Johnson committed Count Fifteen—a § 924(c) offense predicated upon her attempted Hobbs Act robbery offense. *Id.* at *21. She can therefore be said to be actually innocent of that Count. *See id*. at *21–22 (collecting cases).

This conclusion is supported by the Government's response, wherein the Government concedes that Johnson's conviction under Section 924(c) in Count Fifteen, as predicated on attempted Hobbs Act robbery, must be vacated. ECF No. 4 at 3–5. As such, Ground One—that attempted Hobbs Act robbery is no longer a predicate "crime of violence" under Section 924(c)— is not procedurally defaulted.

### 3. CONCLUSION AND SCOPE OF RESENTENCING

In light of the foregoing, the Court will grant in part Johnson's motion to the extent that it seeks to vacate her conviction on Count Fifteen (Section 924(c) violation as predicated on attempted Hobbs Act robbery), and will accordingly vacate Johnson's conviction on Count Fifteen. The

Government has already conceded that this result is necessary without the imposition of additional briefing. *See* ECF No. 4. The Court will accordingly set the matter for full resentencing on all counts of conviction. *United States v. Brazier*, 933 F.3d 796, 801 (7th Cir. 2019) ("Sentences for multiple offenses are generally treated as 'packages,' so that when part of the package is removed on appeal, the district court may reconsider the overall sentencing package on remand."). As the *Brazier* court observed, resentencing on all counts of conviction will permit the Court to consider Johnson's "actual conduct in exercising its judgment and discretion under 18 U.S.C. § 3553(a)," instead of only the essential elements of each piecemeal count of conviction. *Id.*

Along the same lines, at her resentencing, Johnson and her counsel are free to, and should, argue the Section 3553(a) factors. Because consideration of the Section 3553(a) factors is part of the compassionate release analysis, the Court will deny without prejudice Johnson's motion for compassionate release in her criminal case. CR ECF Nos. 134, 136, 137, 140. Johnson may refile the motion, *if necessary*, after her resentencing. Parenthetically, the Court's initial review of the compassionate release motion demonstrates that the motion is lacking in merit. By way of example, Johnson's claims about her medical issues are not reflected in her medical records, and her medical records support that Johnson may now actually be healthier than was documented in her presentence report. *Compare* CR ECF Nos. 134, 136, 137, 140 & CR ECF No. 145, *with* CR ECF No. 72.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." This Order is partially adverse to

Johnson, so the Court must undertake the Rule 11(a) analysis. To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Johnson must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). As the Court's discussion above makes clear, no reasonable jurists could debate whether Ground Two of Johnson's petition as to allegedly inaccurate facts has merit. As a consequence, the Court is compelled to deny Johnson a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Marquel L. Johnson's request for compassionate release in Case No. 18-CR-182-2, CR ECF Nos. 134, 136, 137, 140, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that the Government's motion to seal its response to Marquel L. Johnson's motion for compassionate release in Case No. 18-CR-182-2, CR ECF No. 144, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Marquel L. Johnson's motion to proceed without prepayment of the filing fee in Case No. 22-CV-1526, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Marquel L. Johnson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in Case No. 22-CV-1526, ECF No. 1, be and the same is hereby **GRANTED in part and DENIED in part** according to the terms of this Order;

Page 9 of 11
Case 2:22-cv-01526-JPS   Filed 03/30/23   Page 9 of 11   Document 5

**IT IS FURTHER ORDERED** that Marquel L. Johnson's first ground for relief in Case No. 22-CV-1526, ECF No. 1, that attempted Hobbs Act robbery is no longer a predicate "crime of violence" under 18 U.S.C. § 924(c), be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Marquel L. Johnson's second ground for relief in Case No. 22-CV-1526, that the facts of her case are inaccurate, be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that the Court's judgment in Case No. 18-CR-182-2, CR ECF No. 75, be and the same is hereby **VACATED as to Count Fifteen**, and will otherwise be **AMENDED** at Marquel L. Johnson's resentencing on all counts of conviction, according to the terms of this Order;

**IT IS FURTHER ORDERED** that the U.S. Probation Office shall **FILE** a Revised Presentence Investigation Report in Case No. 18-CR-182-2 that includes, among other things, a recalculation of Marquel L. Johnson's Guidelines range and statutory penalties, by **Friday, June 16, 2023**;

**IT IS FURTHER ORDERED** that counsel for Marquel L. Johnson shall file objections, if any, to the Presentence Investigation Report in Case No. 18-CR-182-2 by **Friday, June 30, 2023**;

**IT IS FURTHER ORDERED** that the Government shall file responses thereto, if any, in Case No. 18-CR-182-2 by **Friday, July 14, 2023**;

**IT IS FURTHER ORDERED** that Federal Defender Services shall **APPOINT** counsel for Marquel L. Johnson in Case No. 18-CR-182-2 for her resentencing as soon as practicable;

**IT IS FURTHER ORDERED** that Marquel L. Johnson shall be resentenced in full, as to all counts of conviction, on **Friday, August 4, 2023 at 8:30 A.M.** in Case No. 18-CR-182-2;

**IT IS FURTHER ORDERED** that the Government shall ensure Marquel L. Johnson's in-person appearance for resentencing in Case No. 18-CR-182-2;

**IT IS FURTHER ORDERED** that Case No. 22-CV-1526 be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly in Case No. 22-CV-1526.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2023.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.